## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| LARRY E. WINDEKNECHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-CV-284 AGF |
| | ) | |
| DONNA ANDERSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon self-represented Plaintiff Larry E. Windeknecht's motion for leave to commence this action without prepayment of the required filing fee, ECF No. 15, and motion to appoint counsel, ECF No. 14. For the reasons stated below, the action will be dismissed and the motions denied as moot.

### Background

On March 4, 2025, Plaintiff filed his original complaint under 42 U.S.C. § 1983 alleging civil rights violations against 28 employees of Sexual Offender Rehabilitation and Treatment Services ("SORTS") during his civil commitment at the Southeast Missouri Mental Health Center. ECF No. 1. The complaint was drafted on ten pages of notebook paper followed by 48 pages of attachments. *Id*. Plaintiff complained of threats of forced medication and inadequate nutrition. *Id*. He filed several supplements totaling dozens of pages, which attempted to amend his complaint and add defendants. *See* ECF Nos. 3-9.

The Court reviewed this complaint on May 16, 2025. The Court found the complaint to be defective because it was not drafted on a Court form. ECF No. 11. The Court gave Plaintiff several specific instructions for filing an amended complaint, including that Plaintiff was

required to plead specific facts regarding each defendant, and state his claims in a simple, concise and direct manner. *Id*. at 2. The Court made clear that Plaintiff was required to show how each defendant was responsible for the harm alleged. *Id*. Plaintiff was given 30 days to file an amended complaint in compliance with the Court's order. The Court also granted Plaintiff's application to proceed without prepayment of fees and costs.

Plaintiff timely filed an amended complaint. The Court reviews the amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without prepayment of fees if it is frivolous, malicious, or fails to state a claim on which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). Even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged. *Stone v. Harry*, 364 F.3d 912, 914-915 (8th Cir. 2004).

**Amended Complaint**

On June 16, 2025, Plaintiff filed his amended complaint against the same 28 employees of SORTS alleging various civil rights violations. ECF No. 13. Plaintiff's amended complaint is 39 pages long, with 16 pages of exhibits. Beginning in May 2023, he alleges that Defendant Misty Kindle came to his sleeping quarters several times and threatened him with forced medications. *Id*. at 3. He then attended a meeting in June 2023 with several defendants who expressed concern that his goals were not realistic, he was not taking his medications, and he had not been to the dining room since April 2023. *Id*. at 27. Plaintiff repeatedly refers to this throughout the complaint as a "meeting of the minds" of the defendants. Plaintiff informed the defendants present at the meeting that he had a type of phobia which causes him anxiety to be in a large room with others eating. *Id*.

Plaintiff states that approximately one year after this meeting, he was moved to a new ward "out of the blue." *Id*. At another point in the complaint, Plaintiff says he was moved following "false" allegations against him by another detainee. *Id.* at 20-21. Plaintiff had been getting meal trays delivered to his quarters, but after he was moved to the new ward, meal trays were not allowed in quarters. Plaintiff chose not to get his regular meals from the dining room. *Id.* at 15. Because he refused to go to the dining room, he was provided with meal replacement shakes in his quarters. He says there were "days weeks when these [shakes] were not available to me." *Id*. at 28.[1] Plaintiff claims several injuries including severe weight loss, diarrhea, constipation, and stomach cramps. *Id*. at 32. He asks for compensatory damages in the amount of $1,500 for each defendant, as well as additional punitive damages. *Id*. at 33.

---

[1] Included in one of Plaintiff's exhibits is a request referring to his nightly snack. In this request, Plaintiff states the dietician approved Plaintiff receiving a meat and cheese sandwich as his nightly snack in January 2025. ECF No. 13-5 at 5. Plaintiff fails to mention this at any point in the complaint when discussing the lack of adequate nutrition.

**Discussion**

Having carefully reviewed and liberally construed Plaintiff's allegations, and for the reasons discussed below, the Court must dismiss Plaintiff's claims.

Liability in a 42 U.S.C. § 1983 case is personal. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)); *see also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights); *Love v. Schoffman*, 142 Fed. Appx. 278, 279 (8th Cir. 2003) (affirming pre-service dismissal under 28 U.S.C. § 1915 because the complaint, among other infirmities, "did not specify which of the many named defendants was responsible for each of the alleged harms"). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

*A.   Defendant Alexis Redding*

The majority of Plaintiff's 39-page complaint focuses on what he describes as a conspiracy to deprive him of nutritionally adequate meals. Unlike all the other defendants in this case, Alexis Redding seemingly has nothing to do with the alleged inadequate nutrition conspiracy. Instead, Plaintiff accuses her of providing "false light misrepresentation" to the probate court during Plaintiff's yearly assessments. ECF No. 13 at 25. He claims that this is part of "a campaign of harassment, abuse, and intimidation intended to discourage discredit, and

humiliate" him. *Id*. He provides no specific information about what misrepresentations Redding made to the probate court or how such alleged misrepresentations harmed him. Rather than provide specific allegations against Redding, Plaintiff offers mere conclusory statements about Redding's conduct and fails to state what harm the conduct caused him. Therefore, Plaintiff's claim against Redding must be dismissed.

    B. *Conspiracy claim*

Plaintiff alleges that the remaining 27 defendants are part of a conspiracy to deprive him of adequate nutritional meals. To allege a § 1983 conspiracy claim against a defendant, a plaintiff must show (1) that the defendant conspired with others to deprive him of a constitutional right, (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy, and (3) that the overt act injured the plaintiff. *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999). Additionally, to prevail, a plaintiff must prove the deprivation of a constitutional right or privilege. *Riddle v. Riepe*, 866 F.3d 943, 948 (8th Cir. 2017). Allegations of conspiracy "must be pled with sufficient specificity and factual support to suggest a 'meeting of the minds.'" *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988) (quoting *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983) (per curiam)).

     Plaintiff states that Defendant Misty Kindle told him there had been a meeting among staff at SORTS to discuss his behavior. ECF. No. 13 at 27. He states this is "the first element of the conspiracy claim…" *Id*. Plaintiff is mistaken as to what a § 1983 conspiracy claim requires. The defendants having a meeting to discuss Plaintiff and his behavior is not a conspiracy – it is their jobs. To meet the first element of a § 1983 conspiracy claim, he must show that there was a meeting of the minds wherein the defendants *agreed to deprive him of a constitutional right*. When describing his meeting with several defendants in June 2023, Plaintiff said defendants

expressed concerns that his goals were unrealistic, he was not taking his medications, and he was not going to the dining room for meals. *Id*. These concerns do not implicate a § 1983 conspiracy claim but instead represent legitimate concerns raised by the professionals who have custody of Plaintiff.

Plaintiff then claims that as a result of this meeting of the minds, "they were attempting to force medication on me." *Id*. Plaintiff does not allege that he was in fact forced to take medication against his will, nor does he describe how this was attempted. Rather, Plaintiff simply concludes that all named defendants were a part of this conspiracy to force him to take medications, which he was never forced to take.

According to Plaintiff's theory, the defendants collectively then waited **one year** after this meeting to move him to a new ward where he could no longer receive meals on the ward but instead would have to either go to the dining room for meals or receive meal replacement shakes. Plaintiff does not provide any facts to support his contention that the defendants conspired to deprive him of a constitutional right. He merely states this as a legal conclusion while describing a meeting that did not deprive him of any constitutional rights.

In addition to failing to provide facts that would satisfy the first element of a § 1983 conspiracy, he has also failed to provide facts that would satisfy the second element. Plaintiff does not allege any of the defendants engaged in an overt act in furtherance of the conspiracy and instead resorts to legal conclusions. Plaintiff simply fails to make any specific allegation as to any defendant.

For example, in describing the Defendant Misty Kindle's role in the conspiracy, Plaintiff states, "And she participated in the meeting of the minds with the other defendants to try to force medications on this United States Citizen." *Id*. at 14. He goes on to say she "further conspired

6

with them in the meeting of the minds to deprive him of 'Nutritionally Adequate' meals or supplements . . . ." *Id.*

In another example, Plaintiff describes the actions of Defendant Stacy Gegg by stating she conspired "with each and all other named individuals state actors in depriving this consumer adequate nutritional meals by a meeting of the minds with each and all other named defendants herein." *Id.* at 17. He concludes the section about Gegg stating, "[a]lso defendants outlandish threats resulting in mental injuries lack of adequate nutrition, 1st, 14th claim." *Id.*

These descriptions offer no facts about what actions these defendants took that harmed Plaintiff. The descriptions of the other defendants are very similar, offering general conclusory statements only. Because he has offered no facts which could demonstrate a plausible claim for relief, Plaintiff's conspiracy claims must be dismissed.

### C. Deliberate Indifference Claim

This claim is properly analyzed under the Fourteenth Amendment rather than the Eighth Amendment because the alleged violations occurred during Plaintiff's civil commitment at the Southeast Missouri Mental Health Center. *See Ingrassia v. Schafer*, 825 F.3d 891, 897 (8th Cir. 2016). Though Plaintiff is civilly committed rather than imprisoned, he is still "subject to the same safety and security concerns as that of a prisoner." *Revels v. Vincenz*, 382 F.3d 870, 874 (8th Cir. 2004). Civilly committed individuals therefore have a constitutional right to nutritionally adequate food. *See Ingrassia* at 825 F.3d at 897. A plaintiff may demonstrate violation of his constitutional rights by evidence "that the food he was served was nutritionally inadequate or prepared in a manner presenting an immediate danger to his health, or that his health suffered as a result of the food." *Id.* The appropriate standard of culpability for a claim that officials failed to provide a civilly committed individual with adequate food is deliberate

indifference. *See Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006). To demonstrate a constitutional violation, a plaintiff must show that a defendant "failed to act despite his knowledge of a substantial risk of serious harm." *See Farmer v. Brennan*, 511 U.S. 825, 842 (1994).

Plaintiff alleges that he was not receiving nutritionally adequate food, and his health suffered as a result. Plaintiff's case is unique in one key respect: Plaintiff chose not to get his regular meal trays from the dining room. This is in stark contrast to those cases involving plaintiffs who were denied the ability to go to the dining room. For example, in *Ingrassia*, the plaintiff was not allowed to go to the dining room due to behavioral issues and was provided meals and shakes in his room instead. 825 F.3d at 897. That plaintiff's claim survived initial review when he alleged that the limited amount he was getting in his quarters was insufficient. *Id*.

Plaintiff is correct that he is entitled to nutritionally adequate food. However, he is incorrect that nutritionally adequate meals must be personally delivered to him in his quarters, when he is capable of going to the dining room for his meals. Plaintiff does not allege that he was unable to go to the dining room due to a condition that was diagnosed by a doctor, nor does he allege that he had a medical exemption from eating in the dining room. Throughout the time when Plaintiff alleges he was being denied adequate nutrition and losing weight, he was free to go to the dining room and receive his regular meals. It was not the defendants who were denying Plaintiff adequate nutrition; he was denying it to himself.

Plaintiff has not alleged that any defendant prevented him from getting his meals in the dining room. He simply complains that defendants would not accommodate his self-diagnosed

8

"phobia" of the dining room by providing him full meal trays in his quarters. This is not a cognizable right, and so Plaintiff's claims of deliberate indifference must be dismissed.

<strong>Conclusion</strong>

Plaintiff's claim will be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). All pending motions will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Larry E. Windeknecht's motion for leave to commence this action without prepayment of the required filing fee [ECF No. 15] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's supplemental motion to appoint counsel [ECF No. 14] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim.

An Order of Dismissal shall be filed with this Memorandum and Order.

Dated this 16th day of October, 2025.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE